IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BIANCA BATES,** | **CIVIL ACTION NO. 1:25-CV-568** |
| Plaintiff | (Judge Neary) |
| v. | |
| **AMIN HABEEB, MARISOL BASSIT, and IRON VALLEY REAL ESTATE** | |
| Defendants | |

## MEMORANDUM

This matter comes before the court upon the Report and Recommendation ("R&R") (Doc. 13) of Magistrate Judge Susan E. Schwab, wherein Judge Schwab recommends this court dismiss plaintiff Bianca Bates' amended complaint with prejudice for failure to state a claim upon which relief could be granted and for failure to abide by the Federal Rules of Civil Procedure. In response to the R&R, Bates filed a motion (Doc. 14) requesting for Judge Scwab's recusal based on alleged bias.

Objections to R&R's are reviewed *de novo* when they are made timely and are specific. Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984). When general objections are made, the R&R shall be sustained absent "clear error or manifest injustice." Glob. Tower, LLC v. Hamilton Twp., 897 F. Supp. 2d 237, 249 (M.D. Pa. 2012) (citing Cruz v. Chater, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998)).

Bates's amended complaint (Doc. 12) charges defendants with violating the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* She also

argues defendants violated her constitutional rights. (Id.). However, the amended complaint (Doc. 12) is completely devoid of any facts detailing what the defendants are alleged to have done to Bates. Judge Schwab is correct that Bates' amended complaint (Doc. 12) fails to state a claim because, without any facts alleged, it cannot state any claims.

In response, Bates argues Judge Schwab should be recused from this case because she failed to consider the exhibits Bates submitted with her original complaint and because Judge Schwab has recommended dismissal of some other actions filed by Bates. (Doc. 13 at ECF 1-2). Starting with the latter, it is well settled that "adverse rulings—even if they are erroneous—are not in themselves proof of prejudice or bias." Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 330 (3d Cir. 2015) (citations omitted). So, even if Judge Schwab's past rulings were wrong—and to be clear, there is no reason to think they were—that is not grounds warranting recusal.

Turning to Bates's other objection, it is simply not true to say Judge Schwab disregarded Bates's exhibits. The original complaint in this case did not name any federal statute nor did it specifically claim federal subject matter jurisdiction. (See generally, Doc. 1). Further, Bates herself originally requested only $50,000, plus fees, in that complaint. (Id. at ECF 1). So, the original complaint could not invoke this court's diversity jurisdiction either. See 28 U.S.C. § 1332(a). Judge Schwab had no choice but dismiss the original complaint, but she did grant Bates leave to amend. (Doc. 8 at 16).

When Judge Schwab dismissed the first complaint, she warned Bates there were other errors as well. (Id. at 9-14). She even took the time to explain the requirements in plain language. (Id. at 15-16). One of these warnings was that "[t]he amended complaint will replace the original complaint—the original complaint will no longer play a role." (Id. at 15). Bates's latest complaint did not include any exhibits, nor did it cite to any exhibits. (See generally Doc. 12). Judge Schwab gave Bates clear instructions and warnings of what would happen if those instructions were not followed. While true that *pro se* pleadings are to be liberally construed, they are still bound by the Federal Rules of Civil Procedure. Hamilton v. Robb, No. 3:18-CV-1915, 2020 WL 1228077, at *2 (M.D. Pa. Mar. 12, 2020). Bates has repeatedly failed to file a proper complaint, nor has she provided specific accusations of what defendants are alleged to have done. Given this, the court will adopt Judge Schwab's R&R and this case will be dismissed with prejudice. A separate order shall issue.

                                              /S/ KELI M. NEARY
                                              Keli M. Neary
                                              United States District Judge
                                              Middle District of Pennsylvania

February 9th, 2026

Therefore, AND NOW, this 4th day of September, 2025, it is hereby

ORDERED that:

1. Magistrate Judge Schwab's R&R (Doc. 10) is ADOPTED.

2. Plaintiff's amended complaint (Doc. 8) and second amended complaint (Doc. 11) are dismissed with prejudice.

3. Any appeal from this order is deemed to be frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3).

4. The Clerk of Court shall CLOSE this case.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania